```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

MORTIMER HETSBERGER,            :
                                :       Civil Action No. 10-5288 (FSH)
            Plaintiff,          :
                                :
       v.                       :       **ORDER**
                                :
                                :
GARY M. LANIGAN,                :
                                :
            Defendant.          :

    The Court having considered Plaintiff's application to file the Complaint and proceed <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915, and having screened the Complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e, and the Court finding that dismissal of the Complaint is not warranted at this time,

    IT IS on this 23rd day of February, 2011,

    ORDERED that Plaintiff's application to proceed <u>in forma pauperis</u> is hereby granted pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

    ORDERED that the Clerk of the Court shall file the Complaint without prepayment of fees or security; and it is further

    ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Warden of Northern State Prison; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue the summons and the United States Marshal shall serve the summons and copies of the Complaint and this Order upon Defendant, with all costs of service advanced by the United States; and it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendant who is served shall file and serve a responsive pleading within the time specified by Fed.R.Civ.P. 12; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel. Plaintiff is advised that such appointment is not automatic; and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

ORDERED that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed.R.Civ.P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application for Appointment of Pro Bono Counsel by regular mail upon each party at his last

known address or, if the party is represented in this action by an attorney, upon the party's attorney and the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from Plaintiff's institutional account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from his institutional account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's institutional account, with each payment referencing the civil docket number of this action.

s/ Faith S. Hochberg
FAITH S. HOCHBERG
United States District Judge
